UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MOTORISTS MUTUAL INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-271-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| LINDA ROBINSON HAYS, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Supreme Court long ago admonished that district courts deciding whether to issue declaratory judgments should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of [] state court litigation." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Where "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties," the Court explained, exercising declaratory judgment jurisdiction would be "uneconomical" and "vexatious." *Id.*

Because this declaratory judgment action includes the same issues, governed by state law, and the same parties as an ongoing state court case, it is dismissed.

## BACKGROUND

Adam Charles Hollan put money down on a used Oldsmobile in July 2008. R. 1 at 3. The seller, North Broadway, withheld the certificate of title until he paid the full amount. R. 10, Attach. 1 at 3. A month later Mr. Hollan loaned the car to his grandson, Michael Hollan, who then collided with another car occupied by Linda Robinson Hays and her son. R. 1 at 2-3.

Shortly thereafter, North Broadway allegedly executed a "speed title" to transfer the certificate of title to Adam Hollan. R. 10 at 2, Attach. 2 at 5.

Ms. Robinson sued in state court. First, she sued Michael Hollan for negligence. R. 10, Attach. 4 at 3.. Second, she sued her insurer, State Farm, for under-insured motorist coverage. *Id.* at 5-6. Finally, she sued North Broadway as the actual owner of the Oldsmobile on the date of the crash on the theory that Michael Hollan drove the car with its implied consent. *Id.* at 3-5.

North Broadway disputed that it was the owner of the car, R. 10 at 3, and also that the law suit implicated its insurance policy with Motorists Mutual Insurance Company, R. 10, Attach. 3 at 1. It filed a motion arguing that, even if it was the owner and even if its Motorists Mutual policy was implicated, the payout would be limited to "$100,000 per person in excess of Mr. Hollan's policy." *Id.* at 2. North Broadway asked the state court to confirm its reading of its contract with Motorists Mutual. *Id.*

Despite North Broadway's motion for clarification in state court, Motorists Mutual filed this declaratory judgment action. It seeks a declaration that 1) it "has no obligation to insure, defend, or indemnify" Michael Hollan or 2) in the alternative, that its duty to indemnify Hollan is limited to $100,000 per person. R. 1 at 6.

Since filing this action, Linda Hays, Michael Hollan, State Farm, and North Broadway reached a settlement agreement. R. 13 at 2. Left open by the agreement, however, were questions about the ownership of the car, whether Motorists Mutual's policy provides indemnity and liability coverage to Michael Hollan, and the amount of that coverage. R. 13, Attach. 1 at

2

1-2. Even more recently, State Farm filed a declaratory judgment action in state court posing the same questions lodged by Motorists Mutual here. R. 14, Attach. 2 at 6.

State Farm asks the Court to dismiss this case in deference to the state court deciding the very same issues.

**DISCUSSION**

State Farm is right. The best course is for the Court to exercise its "unique[ly] br[oad] . . . discretion to decline to enter a declaratory judgment[.]" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995); 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may*" enter a declaratory judgment) (emphasis added) Not only are "declaratory judgment actions seeking an advance opinion on indemnity issues [] seldom helpful in resolving an ongoing action in another court." *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986). And not only has the Sixth Circuit "held on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court lawsuits." *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 273 (6th Cir. 2007). And *not only* has the Sixth Circuit said that it "question[s] the need for . . . declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 816-17 (6th Cir. 2004) (quoting *Am. Home Assur. Co. v. Evans*, 791 F.2d 61, 63 (6th Cir. 1986)). But, on balance, the five factors that help decide this Court's declaratory judgment jurisdiction also weigh in favor of

3

dismissal: (1) whether a declaratory judgment would increase friction between federal and state courts; (2) whether an alternative, better remedy is available; (3) whether a declaratory judgment would serve a "useful purpose in clarifying the legal relations in issue"; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to "provide an arena for a race for res judicata"; and (5) whether the declaratory action would settle the controversy. *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

**Factor 1:** In case it is unclear from the quotations above, concern for "increase[d] friction between our federal and state courts and improper[] encroach[ment] upon state jurisdiction" weighs heavily against exercising jurisdiction here. *Grand Trunk*, 746 F.2d at 326. First, factual issues already before the state court are important to the informed resolution of this case. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008) (listing the importance of factual issues as the first subfactor for deciding whether state-federal friction is a concern). While Motorists Mutual fairly notes that the parties below have resolved most factual disputes, it still concedes that deciding whether it owes a duty to defend and indemnify Michael Hollan turns on whether North Broadway was the owner of the car on the day of the accident—one of the issues left open by the parties' settlement agreement. R. 13 at 6-7. Second, the Kentucky state court is in a marginally better position to decide the issues in this case because all the same issues are both already before it and questions of state law. *Scottsdale Ins. Co.*, 513 F.3d at 560 (second subfactor). As far as the Court knows (the parties have identified no federal-law issues), the factual ownership question, the related coverage question, and the policy limit question are all state law questions "with which the Kentucky state courts are more familiar and, therefore, better

4

able to resolve." *Bituminous Cas. Co.*, 373 F.3d at 815; *see also Travelers*, 495 F.3d at 272 ("However, because Kentucky law is controlling, we conclude that Kentucky courts are in the better position to apply and interpret its law on these issues."). Finally, the issues in this declaratory judgment action "implicate[] important state policies." *Scottsdale Ins. Co.*, 513 F.3d at 561 (third subfactor). That is, this is a case about the interpretation of an insurance contract, which the state "regulate[s] . . . for the protection of [its] residents." *Id.*

Concerning the second subfactor, whether the state court is in a better position to handle these questions, it is true that the parties have pointed to no novel state-law questions. And some courts have focused on the novelty of state-law questions as one basis for measuring whether state courts are in a better position to handle them. *See, e.g.*, *Scottsdale Ins. Co.*, 513 F.3d at 560; *Travelers*, 495 F.3d at 272. But these cases do not say that state courts enjoy an advantage *only* over novel state-law issues. In *Bitumious Cas. Corp.*, for instance, the court held that Kentucky was in a better position to resolve "questions of state law with which the Kentucky state courts are more familiar," without immediately pointing to the novelty of the state-law issues. 373 F.3d at 815. The court then proceeded to say the state-law issues were novel, but only as an additional reason the state court was in a better position to resolve the matter. *Id.* Thus, while the state law issues in this case may not be novel, this subfactor still weighs in favor of dismissal.

**Factor 2:** Relatedly, Motorists Mutual has an alternate, better remedy in state court. *Scottsdale Ins. Co.*, 513 F.3d at 561-62. Kentucky allows for declaratory relief, *id.* at 562, and Motorists Mutual "could file an indemnity action at the conclusion of the underlying state action." *Travelers*, 495 F.3d at 273. In fact, it could avoid the hassle and simply litigate State Farm's

5

declaratory suit in state court on these very same issues. Each of these routes is better than resort to this Court's declaratory jurisdiction because the issues are all questions of state law, *Bituminous Cas. Corp.*, 373 F.3d at 816, and the state court is already familiar with the matter.

**Factor 3:** It unclear whether resolving this case would "serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk*, 746 F.2d at 326. True, deciding this declaratory judgment action would certainly bring some clarity to this dispute: It would not only resolve the disagreement between Motorists Mutual and the other parties about the scope of its coverage, but also (as explained below) wind up the entire case. *See Scottsdale*, 513 F.3d at 557; *AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004); *Panhandle E. Pipe Line Co. v. Mich. Consol. Gas. Co.*, 177 F.2d 942, 944 (6th Cir. 1949). But it is doubtful that the Court would be performing a particularly "useful" service by providing this clarity itself. The state court can also clarify these very same issues and wind up the case—perhaps better, with its state-law expertise and familiarity with the matter. *See AmSouth Bank*, 386 F.3d at 786 ("Its usefulness is therefore severely undercut by the presence of the Mississippi litigation."); *Bituminous Cas. Corp.*, 373 F.3d at 813-14 ("The declaratory judgment action in federal court could serve no useful purpose. The federal court could either reach the same conclusion as the state court, in which case the declaration would have been unnecessary . . . or the federal court could disagree with the state court, resulting in inconsistent judgments."). What's more, the Court knows of no reason why the "declaratory plaintiff will suffer injury unless legal relations are clarified" here rather than in the original litigation. *AmSouth Bank*, 386 F.3d at 786. Ultimately, keeping this case would serve no "useful, practical purpose," but would rather "cause the parties to engage in litigation

6

on two fronts." *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 785 (E.D. Ky. 2008) (quoting *Panhandle*, 177 F.2d at 944).

**Factor 4:** It is also unclear whether Motorists Mutual filed this complaint to spur a "race for *res judicata*." *Scottsdale Ins. Co.*, 513 F.3d at 558. Certainly, courts are "reluctant to impute an improper motive to a plaintiff when there is no evidence of such in the record" and tend to give declaratory plaintiffs "the benefit of the doubt." *Id.* (internal quotation marks and citations omitted). And the Court does not have the factual record to conclude Motorists Mutual behaved "improperly." (It is a puzzle, though, why this factor turns on the "purity" of a litigant's motives rather than the actual existence of a race between the federal and state court.) But it is tough to be *entirely* confident Motorists Mutual simply filed here because of its generalized preference for federal court. *Id.* ("A district court should not deny jurisdiction to a plaintiff who has not done any more than choose the jurisdiction of federal rather than state court, a choice given by Congress." (internal quotation marks and citation omitted)). After all, it filed the declaratory complaint in this Court just two weeks after its insured, North Broadway, filed its own motion to clarify the scope of the policy's coverage in state court. *Compare* R. 1 *with* R. 10, Attach. 3 at 3. And, regardless of Motorists Mutual's motives, the fact is that this Court *is* engaged in a race for *res judicata* with the state court. The state court is currently considering these very same issues in State Farm's declaratory action. This cannot help but create "friction." *See* Factor 1 *supra*.

7

**Factor 5:** In the end, only one factor clearly supports keeping this case. Because the parties in state court settled all the other issues, resolving Motorist Mutual's claims would apparently end the controversy. *Scottsdale Ins. Co.*, 513 F.3d at 554-55.

The balance of these factors thus supports dismissing this case. On the one hand, the need to avoid friction with the state court—which provides a superior forum to consider these fact-laden, state-law, state-policy-implicating issues—clearly weighs in favor of dismissal. On the other hand, only one of the three remaining factors clearly supports keeping the case. On top of this lopsided balance, both 1) the Supreme Court's warnings against "gratuitous interference" and 2) the Sixth Circuit's repeated warnings against exercising jurisdiction simply to resolve insurance coverage disputes when a state forum is available make dismissal all the more appropriate. Accordingly, it is **ORDERED** that State Farm's motion to dismiss, R. 10, is **GRANTED**. A separate judgment shall issue, and this matter is **STRICKEN** from the Court's active docket.

This the 22nd day of February, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge